1 ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
2 10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
3 Telephone:  (310) 443-4139
Facsimile: (310) 943-2255
4
Attorneys for Plaintiff
5 BRITTANY GRIFFIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY GRIFFIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>US BANK, N.A., and DOES 1-10, inclusive,<br><br>    Defendants. | Case No:  15-CV-06861<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING LAWS** |

Plaintiff Brittany Griffin hereby complains against defendants US Bank, N.A., and Does 1-10, and alleges on information and belief as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") and the Consumer Credit Reporting Agencies Act, Civil Code § 1785.1, et seq. ("CCRAA").  Defendants violated the FCRA and CCRAA when they accessed plaintiff's credit reports, containing her private personal and financial data, without a permissible purpose under these laws.

## JURISDICTION AND VENUE

2. The court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Central District of California because all defendants reside in this district.  Defendants have substantial contacts with California and are subject to personal jurisdiction in this state.

## PARTIES

4. Plaintiff is a natural person and is a resident and a citizen of the State of California.

5. Defendant US Bank, N.A. is a national banking association doing business and maintaining one or more offices in Southern California.

6. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names.   Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such

1  fictitiously named defendants when ascertained.

2      7.    At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## STATEMENT OF FACTS

8.    The FCRA and CCRAA permit a company to access a consumer's credit report only for certain limited permissible purposes. Those permissible purposes include: credit applications by the consumer, insurance, employment, public benefits and licenses, child support enforcement, and counter-intelligence. Unless a user of a credit report has one of the listed permissible purposes, accessing the consumer's credit report is unlawful.

9.    A user of a consumer report must also certify in writing to the consumer credit reporting agency which permissible purpose applies when it accesses the consumer's report. The FCRA thus not only prohibits access for an impermissible purpose, but also access for any purpose without a proper certification in writing.

10.    The FCRA and CCRAA provide aggrieved consumers with a private right of action for actual damages, punitive damages, and attorneys fees and costs. In addition, the FCRA makes knowing and willful access to a credit report under false pretenses a crime. 15 U.S.C. § 1681q.

11.    Plaintiff visited US Bank in order to open a bank account. Unbeknownst to plaintiff, US Bank used her social security number to access her credit files in order to open a US Bank credit card. US Bank then sent plaintiff a notice of adverse action, stating that it was unable to approve plaintiff's "application" for a credit card due to adverse credit history. Plaintiff had never applied for a credit card. Thus, defendants accessed plaintiff's credit files, without any permissible purpose.

12. Plaintiff is informed and believes, and thereon alleges, that defendants also did not properly certify in writing to the credit reporting agencies the purpose for which they used plaintiff's credit report, thereby violating the Act even if they had had a permissible purpose.

**FIRST CAUSE OF ACTION**
**(Against all Defendants for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)**.

13. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

14. Defendants violated 15 U.S.C. § 1681b(f) by using or obtaining plaintiff's consumer report for a purpose not authorized by 15 U.S.C. § 1681b.

15. Defendants violated 15 U.S.C. § 1681b(f) by using or obtaining plaintiff's consumer reports for a purpose not certified by defendants in accordance with 15 U.S.C. § 1681e.

16. Defendants violated 15 U.S.C. § 1681q by knowingly and willfully obtaining information on plaintiff from a consumer reporting agency under false pretenses.

17. Defendants' violations described above were willful.

18. Defendants' violations described above were negligent.

19. Plaintiff has suffered actual damages as a result of defendants' violations, and is entitled to recover such actual damages, or damages of not less than $100 or more than $1000, pursuant to 15 U.S.C. §§ 1681n and 1681o.

20. Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

21. Plaintiff is entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against all Defendants for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. Defendants violated Civil Code § 1785.19(a)(1) by knowingly and willfully obtaining access to plaintiff's credit file without one of the permissible purposes authorized by Civil Code § 1785.11.

24. Defendants violated Civil Code § 1785.19(a)(2) by knowingly and willfully obtaining data from plaintiff's credit file without one of the permissible purposes authorized by Civil Code § 1785.11.

25. Defendants violated Civil Code § 1785.19(a)(3) by using data received from plaintiff's credit file in a manner contrary to an agreement with a consumer credit reporting agency.

26. Plaintiff has suffered actual damages as a result of defendants' unlawful acts.

27. Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

28. Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

29. Plaintiff is entitled to a statutory penalty of $2,500 for each of defendant's violations of Civil Code § 1785.19(a), pursuant to Civil Code § 1785.19(b).

30. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d) and 1785.19(b).

WHEREFORE, plaintiff prays for relief as set forth below.

4

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory damages;
2. For statutory damages or penalties;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: September 3, 2015         TRUEBLOOD LAW FIRM


By:  _____/s/_____
        Alexander B. Trueblood

Attorneys for Plaintiff
BRITTANY GRIFFIN